IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANCIS R. FERRI,  :  <br>   Plaintiff     :  <br>                  : <br> v.               : <br>                  : <br> CAROLYN W. COLVIN,  : <br> Acting Commissioner of Social Security, : <br>   Defendant    : | Action No. 3:16-CV-0143 <br><br> (Judge Nealon) <br><br> (Magistrate Judge Carlson) |

FILED
SCRANTON
FEB 1 2 2016
Per_____
DEPUTY CLERK

## MEMORANDUM

### Background

On July 23, 2015, Plaintiff, Francis R. Ferri, a pro se inmate currently confined at the State Correctional Institution in Dallas, Pennsylvania, filed a complaint alleging he is entitled to Social Security benefits, that denial of such benefits violates his constitutional rights and that he should be awarded monetary damages as a result. (Doc. 1). On January 27, 2016, the case was transferred from the United States District Court for the District of Columbia to this Court for further proceedings. (Doc. 15). On January 28, 2016, United States Magistrate Judge Martin C. Carlson issued a Report and Recommendation ("R&R"), recommending that the complaint be dismissed with prejudice. (Doc. 18). On February 8, 2016, Plaintiff filed Objections to the R&R. (Doc. 19). Having reviewed the reasoning of the Magistrate Judge and the objections, the objections

will be overruled, the R&R will be adopted, and the complaint will be dismissed with prejudice.

**Standard of Review**

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a de novo review of those portions of the report to which specific objections are made. See Goney v. Clark, 749 F.2d 5, 67 (3d Cir. 1984). The written objections must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. See also Henderson v. Keisling, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court"). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3.

**Discussion**

In his complaint, Plaintiff alleges that he was allegedly wrongly denied Social Security benefits. (Doc. 1). Screening the complaint pursuant to 28 U.S.C. § 1915, Magistrate Judge Carlson issued an R&R outlining a court's screening duties and the applicable standard of review for dismissal due to failure to state a

claim under rule 12(b)(6) of the Federal Rules of Civil Procedure, which are herein adopted as such. (Doc. 18, pp. 2-8). The Magistrate Judge concludes that the complaint fails to state a claim because, first, under the Social Security Act:

> inmates have no entitlement to these benefits since the Act flatly states that: "no person shall be an eligible individual or eligible spouse for purposes of this subchapter with respect to any month if throughout such month he is an inmate of a public institution." 42 U.S.C. § 1382(3)(1)(A). Since the Social Security Act expressly prohibits collection of Social Security benefits by prisoners like [Plaintiff] who are inmates in a public institution, this complaint first fails as a matter of straightforward statutory interpretation.

(Id. at pp. 8-9). Secondly, Magistrate Judge Carlson concludes that Plaintiff's claim fails as a matter of constitutional law as well because the United States Court of Appeals for the Third Circuit has determined that there is no constitutional right for a prisoner to receive Social Security benefits. (Id. at 9-10); See Washington v. Secretary of Health and Human Services, 718 F.2d 608, 611 (3d Cir. 1983).

Magistrate Judge Carlson then acknowledges that "in civil rights cases pro se plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed in its entirety," but concludes that Plaintiff, in this case, should not be permitted to do so because no amended complaint will "change the immutable fact that [prisoners] are not entitled to Social Security benefits under

the law." (Doc. 18, p. 10). As such, Magistrate Judge Carlson recommends that this Court dismiss Plaintiff's complaint with prejudice as amendment would be futile because the cause of action is legally frivolous. (Id.).

In liberally construing pro se Plaintiff's objections, Plaintiff seemingly objects to the R&R on the grounds that the seven (7) causes of action raised in the amended complaint, (Doc. 7), were not taken into account by Magistrate Judge Carlson. (Doc. 19, p. 1-2). In taking this objection and Plaintiff's amended complaint, (Doc. 7), into consideration, this Court finds that even if the amended complaint were specifically addressed by Magistrate Judge Carlson, as a matter of law, Plaintiff is still not entitled to relief, and thus his claim is legally frivolous under the standards of review discussed in the R&R and adopted herein. (Doc. 18, pp. 2-8). It is clear, based on the analysis provided in the R&R and adopted herein, that a prisoner is not entitled, either statutorily or constitutionally speaking, to Social Security benefits while incarcerated. (Doc. 18, pp. 8-9). As such, this objection will be overruled.

Plaintiff also objects to the R&R on the grounds that the R&R is "premature" because he has not consented to proceed before Magistrate Judge Carlson and because Defendant has not filed an answer. (Doc. 19, pp. 2-3). He also requests an order compelling Defendant to file an Answer to "each and every

allegation in the complaint" and "if said answer denies that Plaintiff is not entitled to Social Security Retirement Benefits, to cite the Federal Statute in support of the denial."  (Doc. 19, p. 3).  In addressing these objections, as discussed in the R&R and adopted herein, Magistrate Judge Carlson has the authority under 28 U.S.C. § 1915 to screen a pro se prisoner complaint without the plaintiff's consent and before an answer is filed by a defendant.  (Doc. 18, pp. 2-8).  Therefore, these objections will be overruled.

As such, it is concluded that Plaintiff's objections will be overruled, the Report and Recommendation will be adopted, and the complaint and amended complaint will be dismissed with prejudice as legally frivolous.

A separate Order will be entered.

**Date:** February 12, 2016

/s/ **William J. Nealon**
**United States District Judge**

5